**CROSBY, Plaintiff-Appellee, v POWHATAN MINING COM-PANY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3127. Decided October 16th, 1946.

John Sheban, Youngstown, for plaintiff-appellee.
Harrington, Huxley and Smith, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

In his petition filed in the court of common pleas plaintiff alleged, and in its answer filed therein defendant admitted, "that it is an Ohio corporation doing business in Mahoning County, Ohio, and having a mine office at North Lima in Beaver Township, and that it is the assignee of a certain coal lease given by plaintiff on a tract of land situated in Beaver Township, Mahoning County, Ohio."

Plaintiff also alleged, but defendant denied, that it mined and removed 1099 tons of coal from the leased premises on which it failed to pay royalty in the amount of $384.63 for which amount it sued defendant, for which amount the jury returned a unanimous verdict for the plaintiff, upon which verdict the trial judge entered judgment, and from which judgment defendant appealed to this court on questions of law.

The clause in the lease around which the controversy between the parties centers provides inter alia that "lessee further agrees to pay lessors a royalty of thirty-five (35c) cents per ton for all coal mined and removed under the terms of the lease, and agrees to pay said royalties on, or before, the 15th day of each month that are due and owning the previous month", which plaintiff claims means unscreened coal, but which defendant contends "under the standard practice and custom in the community where the coal was screened in order to make it saleable" means payment of royalty on coal only and not upon other material removed, for which saleable or merchantable coal defendant alleged in its answer plaintiff was paid in full in accordance with a letter defendant wrote plaintiff, which the latter did not answer, in the provisions of which defendant claims plaintiff acquiesced and which provides:—

"We are unable to sell this as coal and have been obliged to put in a screen at our truck tipple near the office in order to screen out the 1-inch minus so that we can sell the 1x3 as chips. The material screened out is unsaleable because it has such a terribly high content of clay in it and therefore is not coal but is what is commonly known around coal mines as refuse. The percentage of refuse in the material brought back from the tipple is 36%, therefore the tons of chips to your credit on our stock pile would be 36% less than the tonnage you show in your letter and settlement will be made on that basis."

The parties agree as to the number of tons of material mined from the leased premises and the amount of money paid and the balance due, but they do not interpret the quoted clause of the lease in the same manner.

There is evidence that thirty-six percent of the stockpile was claimed refuse.

Considering the pleadings and the evidence in this case, and without reciting additional testimony or referring to additional evidence, we conclude that the letter to which reference has been made did not constitute an account stated; that the trial judge did not err to defendant's prejudice in overruling its motions made at the close of plaintiff's case which claimed error defendant waived by the introduction of evidence on its own behalf and at the conclusion of all the evidence for a directed verdict or for judgment in its favor notwithstanding the verdict of the jury returned against it.

We cannot enter final judgment in defendant's favor, as its counsel urges we should, as the questions whether the 1099 tons of material was coal under the terms of the lease, or the lease "provided only for the payment of royalties on coal and not for other material removed", or plaintiff "was fully paid for all royalties due" presented questions for the determination of the jury.

In his general charge to the jury the trial judge said:—

"Now, the burden of proof in this type of case is upon the plaintiff to establish the claims set forth in his petition by the greater weight of the evidence.

"* * * Now, the defendant in its answer states or sets up in its answer that all royalties have been fully paid. That is a plea of payment as we call it in law, and the burden is

upon the defendant to establish the plea of payment by the greater weight of the evidence, and the meaning of those words here are the same as I previously defined to you with respect to the burden of plaintiff."

Defendant claims that from such charge as to the burden of proof "upon plaintiff and defendant" it was absolutely impossible for the jury to tell upon which party the burden of proof lay, and that "the jury could very well think that the burden was all placed upon defendant to prove the payment of all royalties", which "is not the law"; and "that the fact that defendant alleged payment of royalties on merchantable coal could not possibly take away from plaintiff the burden of proof on all the essential elements of his petition", in which latter statement we concur.

It is also observed that the trial judge charged the jury that:—

"The time * * * when the test is made as to whether this material is marketable coal, is the time it was removed from the premises, because the lease says that the royalty is due on coal mined and removed from the premises."

The charge of the trial judge has been studied carefully, and as a result thereof we believe the trial judge should not have charged the jury on defendant's burden of proof, but cannot conclude that defendant was prejudiced thereby as it is an admitted fact that defendant never paid or claimed to have paid for refuse.

In pleading payment we believe defendant had reference to coal and material other than that contained in the stockpile, which resulted from a second screening of material originally mined and removed.

We cannot say that the verdict of the jury is not supported by the evidence, or is against the manifest weight thereof, or contrary to law, as defendant urges we should; and since our attention has not been called to "other errors apparent upon the face of the record" we do not pass upon that assigned ground of error.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, and CARTER, J, concur in judgment.